RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC 29 2014

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

In The United States District Court
Northern District of Georgia
Atlanta Division

| | |
|---|---|
| Haris A. Hasan, | ) Civil Action File |
|  | ) Case No.: |
| Plaintiff, | ) |
|  | ) |
| vs. | ) |
|  | ) **1 14-CV-4096** |
| Priority Payment Systems | ) |
|  | ) |
| Defendant. | ) |

### COMPLAINT

COMES NOW, Haris A. Hasan, Plaintiff herein, and hereby states his Complaint against the Defendant on the following grounds:

JURISDICTION & VENUE

1.

Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e et seq., as amended by the Civil Rights Act of 1991. This Court has original jurisdiction over Plaintiff's federal claims as accorded under 29 U.S.C 1331 and 1343(a)(4), 42 U.S.C. 2000e5-(f)(3).

2.

Venue in this Court is proper under 42 U.S.C. 2000e-5(f)(3) because this is the district in which the unlawful employment practices occurred and in which the employment records relevant to such practices are maintained.

3.

Defendant Priority Payment Systems is a Georgia corporation registered to do business in the State of Georgia. It can be served with process through its registered agent and/or Attorney of Record, Eric Magnus, Jackson Lewis, P.C., 1155 Peachtree St., NE, Suite 1000, Atlanta, Georgia 30309.

4.

Plaintiff timely filed a charge of discrimination (Charge No. 410-2011-04563) with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued Plaintiff a Notice of Right to Sue, and this suit is filed within 90 days of receipt of that notice.

5.

Plaintiff Haris A. Hasan is a citizen of the United States residing within the Northern District of Georgia, and is entitled to bring actions of this kind and nature in this judicial district. Defendant was responsible for promulgating the employment policies and making employment decisions regarding Plaintiff's employment at all times relevant to this action.

FACTUAL ALLEGATIONS

6.

Haris A. Hasan is an African-American male formerly employed by Defendant.

7.

The Defendant discriminates against its African American male employees by allowing an environment for sexual harassment. The Defendant also discriminates against its African American employees in other terms and conditions of employment.

8.

The Defendant pays comparable African American employees less than non African American employees. The Defendant also discriminates against its African American employees in other terms and conditions of employment.

9.

Plaintiff complained of sexual harassment by a non African American female employee and was told that there was no evidence of sexual harassment. This reason is pretextual.

10.

Plaintiff complained of race discrimination in the manner in which the Defendant pays non African American employees and was told other employees had more financial experience. This reason is pretextual.

11.

Shortly after these complaints, the non white female was promoted to be the Plaintiff's supervisor thereby exasperating an already hostile and disparate work environment.

12.

Shortly after these complaints, Plaintiff was terminated. Plaintiff was told that he was being terminated because he had failed to produce two weeks in a row. This reason is pretextual.

13.

Mr. Hasan complained to other management officials about the sexual harassment and preferential treatment given to non African American employees

and was terminated shortly thereafter.  Defendant's discriminatory conduct has not been remedied.

14.

Mr. Hasan has been the victim of unlawful sexual harrassment and race discrimination by the Defendant and has been the subject of retaliation for engaging in protected activities.

SUBSTANTIVE ALLEGATIONS

COUNT I

Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. '2000e et seq., as amended

15.

Paragraphs one (1) through fourteen (14) are incorporated herein by reference as if set forth verbatim herein.

16.

Plaintiff is a African-American and a member of the protected class under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq., as amended.

17.

Defendant has treated Plaintiff differently, with respect to the terms and conditions of his employment, than it treats similarly situated non African-American employees.  Defendant's proffered reasons for the disparate treatment of Plaintiff are pretextual.

18.

- 4

Defendant's actions constituted a violation of Title VII of the Civil Rights Act 1964, 42 U.S.C 2000e et seq., in that it discriminated against Plaintiff on the basis of his sexual orientation and race.

## COUNT II

### Retaliation in Violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. '2000e et seq., as amended

19.

Paragraphs on (1) through eighteen (18) are incorporated herein by reference as if set forth verbatim herein.

20.

Plaintiff engaged in protected activity by complaining that African American employees were discriminated against in the terms and conditions of their employment.

21.

As a proximate cause of his protected activity, Plaintiff was terminated by the Defendant.

22.

Defendant's actions constituted a violation of Title VII of the Civil Right Act 1964, 42 U.S.C. 2000e et seq., in that it retaliated against Plaintiff for his protected activity.

WHEREFORE, Plaintiff requests judgment be entered as follows:

(a) That temporary, interlocutory and permanent injunctive relief be awarded in favor of Plaintiff reinstating him to his former position;

(b) That Plaintiff be awarded damages to cover all lost income which he would have received but for the discriminatory and retaliatory actions taken against him;

(c) That Plaintiff be awarded general damages to compensate him for the emotional injuries, pain and suffering and other losses and injuries suffered as a result of Defendant's actions;

(d) That Plaintiff be awarded punitive damages against Defendant as a consequence of its willful, malicious, and intentional conduct;

(e) That Plaintiff be afforded trial by jury;

(f) That Plaintiff be awarded reasonable attorney's fees and expenses of litigation; and

(g) That Plaintiff be awarded such other relief as is just, equitable and proper.

Dated this 25th day of December, 2014

*[signature]*
Haris Hasan
Pro Se
4252 King James Court
Snellville, GA 30039